IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:10-CR-41-H-2
No. 2:12-CV-41-H

AHMAD DARNELL MORRIS,)
    Petitioner,)
)
  v.)
)    **ORDER**
)
UNITED STATES OF AMERICA,)
    Respondent.)

This matter is before the court after its issuance of an order [D.E. #158] requiring the government to show cause why it should not grant petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [D.E. #147]. The government filed a response [D.E. #160], and the petitioner filed a reply [D.E. #162]. This matter is ripe for adjudication.

## **BACKGROUND**

On September 22, 2010, petitioner was named in eleven counts of an eighteen count indictment that charged him and two others with various controlled substance and firearm offenses. On January 19, 2011, pursuant to a written memorandum of plea agreement, petitioner pled guilty to: Count 1, conspiracy to engage in unlicensed firearms dealing; Count 2, possession of a firearm by a convicted felon; and Count 5, distribution of a quantity of cocaine base (crack) within 1,000 feet of a school or playground. On July 6, 2011, petitioner was sentenced to a

term of imprisonment of 220 months.[1] Petitioner timely appealed his sentence,[2] and the Fourth Circuit granted the government's motion to dismiss that appeal on June 5, 2012. Petitioner then filed a motion to vacate pursuant to 18 U.S.C. § 2255 on July 2, 2012, arguing that he is actually innocent of Count 2.[3] The government moved to dismiss on the basis that petitioner's sentence should not be disturbed.

The key question presented by petitioner's motion is whether, prior to March 21, 2010, petitioner had been convicted of an offense "punishable by a term of imprisonment exceeding one year." At the time petitioner pled guilty, the answer to this question was controlled by United States v. Jones, 195 F.3d 205 (4th Cir. 1999), abrogated by United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Jones, the Fourth Circuit rejected the argument that an individualized analysis is required in order to determine whether a North Carolina conviction is for an offense "punishable by a term of imprisonment exceeding one year." Jones, 195 F.3d at 206-07; see also United States v.

---

[1] This total was reached by sentencing petitioner to 60 months as to Count 1, 120 months as to Count 2, and 220 months as to Count 5, to be served concurrently.

[2] Petitioner only appealed his sentence, not his underlying conviction. However any procedural default is cured by a showing of actual innocence, as discussed below. See Murray v. Carrier, 477 U.S. 478, 485 (1986).

[3] Although petitioner names several claims in his motion [D.E. #147 at 3-4], petitioner sets forth facts which relate to an actual innocence claim and an alleged error by the court in its establishment of petitioner's advisory guideline range at sentencing.

2

Harp, 406 F.3d 242 (2005), <u>overruled by</u> <u>United States v.</u> <u>Simmons</u>, 649 F.3d 237 (4th Cir. 2011). Instead, the governing law in this circuit required a court to consider the maximum aggravated sentence that *any* defendant charged with that crime could receive. <u>Id.</u> (emphasis added). Thus, an individual could have a prior conviction "punishable by a term exceeding one year" even if he could not have received a sentence of that duration.

The answer to this question changed on August 17, 2011, when the Fourth Circuit issued an en banc decision in <u>United</u> <u>States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), applying the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010) to facts similar to petitioner's. Overruling <u>Jones</u> and <u>Harp</u>, the <u>Simmons</u> court held that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. <u>Simmons</u>, 649 F.3d at 246-49.

Consequently, petitioner asserts he is actually innocent of having possessed a firearm after having been convicted of an offense punishable by a term of imprisonment exceeding one year and moves this court pursuant to 28 U.S.C. § 2255 to vacate his sentence. Petitioner also argues the court erred in its establishment of the advisory guideline range by improperly

3

categorizing petitioner as a career offender. The court issued an order requiring the government to show cause why petitioner's requested relief should not be granted. The government filed a response, and the petitioner filed a reply.

**COURT'S DISCUSSION**

### I. Actual Innocence

Where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on collateral review only if the petitioner can first demonstrate either "cause" or "actual prejudice," or that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citing Murray v. Carrier, 477 U.S. 478, 485, 496). To establish actual innocence, petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal sufficiency." Bousley, 523 U.S. at 623.

> [T]he government is not limited to the existing record to rebut any showing that petitioner might make. Rather... the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy. ... *In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.*

Id. at 624. (emphasis added).

Petitioner procedurally defaulted on his claim that he did not have a qualifying felony to warrant his conviction as a

4

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) because he did not assert this issue on direct appeal. Procedural default is not an absolute bar, however, if petitioner demonstrates he is actually innocent under Bousley. Although petitioner is actually innocent of Count 2 because he did not have a qualifying predicate felony to warrant his conviction under 18 U.S.C. § 922(g)(1) in light of Simmons, he must still show he is actually innocent of any more serious charges that the government has forgone pursuant to a plea agreement. See Bousley, 523 U.S. at 624.

Petitioner is not actually innocent of more serious charges forgone by the government pursuant to the plea agreement and, therefore, cannot satisfy the actual innocence threshold to qualify him for resentencing. The maximum statutory term of imprisonment for Count 2 is ten years, 18 U.S.C. § 924(a)(2), while the maximum statutory term of imprisonment for dismissed Counts 6, 7, and 11 is twenty years, 21 U.S.C. § 841(b)(1)(C). Additionally, Count 2 carries a maximum term of three years for supervised release, 18 U.S.C. § 3583(b)(2), while dismissed Counts 6, 7, and 11 carry a minimum term of three years for supervised release, 21 U.S.C. § 841(b)(1)(C). Petitioner did not object to the factual basis for Counts 6, 7, and 11 set forth in his presentence investigation report which the court adopted as "credible and reliable" at his sentencing. [D.E. #138 at 40].

5

Therefore, petitioner is not actually innocent under Bousley because the government, pursuant to a written plea agreement, forewent at least one more serious charge of which petitioner has not demonstrated he is actually innocent. Because petitioner cannot show actual innocence under Bousley, he does not meet the threshold to overcome procedural default.

**II. Establishment of Advisory Guideline Range**

A criminal defendant may waive his right to collaterally attack his conviction and sentence "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Sworn testimony offered by a criminal defendant in open court affirming his consent to entry into a plea agreement containing a plea waiver "[carries] a strong presumption of verity." See Id. (relying upon United States v. White, 366 F.3d 291, 295 (4th Cir. 2004).

At petitioner's Rule 11 hearing, petitioner made solemn declarations stating he: (1) reviewed his plea agreement with counsel before affixing his signature; (2) understood the contents of his plea agreement including the appeal waiver; and (3) executed the plea agreement freely without external compulsion. [D.E. #143 at 24-26]. Particularly regarding the appeal waiver, the transcript reports:

> [Court:] Mr. Morris, did you discuss with Mr. McAfee the fact that paragraph 2c -- It's at the bottom of the first page of that plea agreement.

6

>       -- is an appeal waiver which severely restricts
>       your ability to appeal whatever sentence is
>       imposed by Judge Howard? Do you understand that?
>
>       [Petitioner:] Yes, sir.
>
>       [Court:] All right. Would you like for me to
>       read that paragraph to you, or do you understand
>       it?
>
>       [Petitioner:] I understand.

[D.E. #30 at 25-26]. Therefore, based upon petitioner's solemn declarations in open court at his Rule 11 hearing, this court finds petitioner's waiver of his right to collaterally attack his conviction as to the court's establishment of his advisory guideline range at sentencing to be knowing and voluntary.

The advisory guideline ranges established by this court were terms of imprisonment of 60 months for Count 1, 120 months for Count 2, and 235 to 293 months for Count 5.[4] [D.E. #138 at 34]. Petitioner was sentenced to concurrent terms of imprisonment of 60 months for Count 1, 120 months for Count 2, and 220 months for Count 5. [D.E. #117 at 2]. This court did not upwardly depart from the established guideline range. Furthermore, on appellate review, the Fourth Circuit concluded that petitioner "knowingly and voluntarily waived his right to appeal his sentence and that the issues he seeks to raise on appeal fall squarely within the scope of that waiver." [D.E.

---

4 For Counts 1 and 2, the guideline range exceeded the statutory maximum punishment. Therefore the express terms of imprisonment reflect the statutory maximum punishments for those offenses.

7

#144 at 1]. Therefore, petitioner's claims related to alleged sentencing errors are barred by his collateral attack waiver.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #152] is GRANTED, and petitioner's § 2255 motion [D.E. #147] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 16Th day of April 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

8